■ Marine Midland Bank, N. A., Plaintiff, v S.J. Management Services, Inc., Defendant, Keiko Yanagi et al., Respondents, and Narihide Yanagi et al., Appellants. [608 NYS2d 831]

—Judgment and order (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about August 20, 1993, which, *inter alia,* denied defendants-appellants', Narihide Yanagi and Lee Jong Soo, motion for summary judgment and granted defendants-respondents', Keiko Yanagi and Haruko Yanagi, cross-motion for summary judgment on certain counterclaims and cross-claims, unanimously affirmed, with costs.

Not only was Narihide and Lee's expert witness's opinion concerning the asserted relevant Japanese statute (Japanese Commercial Code, art 260, Law No. 48) unsupported by any Japanese case law or scholarly work, it was not based on "a reasonable inference from [the] statute" *(Petrogradsky Mejdunarodny Kommerchesky Bank v National City Bank,* 253 NY 23, 34). Indeed, a rational interpretation of the statute and logical inference indicates that Narihide was without power to effectuate the removal of the directors of S.J. Management ("SJM"). Moreover, there is no evidence that the parent corporation of SJM (which is its sole shareholder) ever authorized Narihide (the parent corporation's and SJM's president) to execute such a significant change in SJM. Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Williams, JJ.